EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción del artículo 93 del Código Penal.

No. 1164.—Resuelto en julio 19, 1917.

PODER EJECUTIVO—NEGLIGENCIA EN EL CUMPLIMIENTO DE OBLIGACIONES—SALIDA DE PRESOS SIN CUSTODIA.—Un alcaide de cárcel que voluntaria o negligentemente permite a un preso salir sin la custodia de un carcelero o policía, falta de este modo al cumplimiento de su deber y es culpable de una infracción del artículo 93 del Código Penal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso se imputó al apelante que, siendo alcaide de la cárcel de Gurabo, permitió a varias personas, que se men-

cionan en la acusación, salir fuera de la cárcel a distintas horas del día y de la noche, sin la custodia de un policía o carcelero; faltando de este modo al cumplimiento de los deberes impuéstosle por la ley. El apelante no hizo alegato y por tanto de los autos no aparece una exposición de errores. Sin embargo, en el acto de la vista, estuvo representado por abogado, quien insistió en que no fué probado el caso contra el acusado, principalmente porque el apelante, al tiempo del supuesto delito, estaba enfermo e imposibilitado para atender a sus deberes. Se alegó también que no hubo muy estricta disciplina y que como el alcaide en propiedad estaba preso temporalmente el propósito fué tener un substituto nominal. Sin embargo, hubo amplia prueba de los actos imputados en la acusación, la cual tendía a establecer una infracción del artículo 93 del Código Penal que es como sigue:

"Toda persona que, ocupando un empleo público, obstinadamente rehusare o descuidare cumplir las obligaciones de dicho empleo, o que infringiere cualquiera disposición legal relativa a sus obligaciones o las de su cargo y para lo cual no se hubiese señalado otra pena, incurrirá en multa máxima de cinco mil (5,000) dollars, o cárcel por el término máximo de un año, o en ambas penas."

Este precepto es muy amplio y quizás alguna violación literal del mismo no podría ser castigable, pero los actos determinados referidos han estado siempre sujetos a ser perseguidos. Cuando un alcaide voluntaria o negligentemente permite a un preso salir sin custodia él es culpable de un abuso de su cargo. 29 Cyc. 1449, título *Officers;* 35 Cyc. 2006-07, nota 71, título *Sheriffs and Constables;* 16 Cyc. 540 *et seq.,* título *Escape.* Aun cuando hay fijados en el código castigos más severos por fuga voluntaria, una negligencia de esta clase puede ser propiamente considerada como comprendida en el artículo 93. La defensa de enfermedad, como aparece del récord, fué sometida a la corte inferior, que no la tomó en consideración sino que declaró culpable al acusado del delito, y lo sentenció a un año de cárcel. La prueba demuestra que

la negligencia fué flagrante y que los presos estaban en notoria libertad.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.